UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PENNY MENZ,

        Plaintiff,

v.                                                    Case No:  2:14-cv-485-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

---

## OPINION AND ORDER

Plaintiff Penny Menz appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for disability insurance benefits ("DIB").   For the reasons discussed herein, the decision of the Commissioner is affirmed.

### I.    Issues on Appeal

Plaintiff raises two issues on appeal:   (1) whether substantial evidence supports the Administrative Law Judge's ("ALJ") residual functional capacity ("RFC") finding; and (2) whether the ALJ erred by not including Dr. Nancy Kelly's RFC limitations in his findings while assigning great weight to the opinions of Dr. Kelly.

### II.      Procedural History and Summary of the ALJ's Decision

On March 16, 2011, Plaintiff filed an application for DIB alleging that she became disabled and unable to work on August 11, 2010.   Tr. 160. [1]   The Commissioner initially denied her claim on May 4, 2011 and upon reconsideration on July 7, 2011.   Tr. 65, 72.   Plaintiff requested and received a hearing in front of ALJ M. Dwight Evans on February 1, 2013, during which she was represented by an attorney.   Tr. 31.   Plaintiff and vocational expert, Dr. Robert Lessne, testified at the hearing.

On June 21, 2013, the ALJ issued a decision finding that Plaintiff is not disabled and denying her claim.   Tr. 13-25.   The ALJ first determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2014.   Tr. 15.   At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since August 11, 2010, the alleged onset date.   *Id.*   At step two, the ALJ determined that Plaintiff has the following severe impairments: status post anterior cervical discectomy and fusion at C6-7, residual neck pain and headaches, carpal tunnel syndrome of the left extremity (non-dominant hand), carpal tunnel syndrome of the left hand, major depressive disorder (recurrent, moderate), alcohol abuse and borderline intellectual functioning.   *Id.*   At step three, the ALJ concluded that Plaintiff "does not have an impairment or combination of impairments

---

[1]  Citations to the administrative record filed at Doc. 15 are denoted "Tr." followed by the appropriate page number.

that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." *Id.*

Taking into account the effects from all of Plaintiff's impairments, the ALJ determined that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) with additional limitations.  Tr. 17.  The ALJ found that Plaintiff's medically determinable symptoms reasonably could be expected to cause the alleged symptoms, but her statements concerning intensity, persistence and limiting effects of these symptoms are not entirely credible.  Tr. 18.  The ALJ found that Plaintiff is unable to perform any of her past relevant work as a real estate agent, real estate manager or door-to-door sales representative but found that there are other jobs existing in significant numbers in the national economy that Plaintiff can perform such as order clerk, telephone solicitor or checker.  Tr. 23.  Thus, the ALJ found that Plaintiff is not disabled and denied her claim.  Tr. 24.

Following the ALJ's decision, Plaintiff filed a request for review by the Appeals Council, which was denied on July 30, 2014.  Tr. 1-3.  Accordingly, the ALJ's April 26, 2013 decision is the final decision of the Commissioner.  Plaintiff filed an appeal in this Court on August 21, 2014.  Doc. 1.

### III.   Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected either to result in death or last for a continuous period of not less than twelve months.   42 U.S.C. §§ 416(i)(1),

423(d)(1)(A); 20 C.F.R. § 404.1505(a).   The Commissioner has established a five-step sequential analysis for evaluating a claim of disability.   *See* 20 C.F.R. § 404.1520. The claimant bears the burden of persuasion through step four, and, at step five, the burden shifts to the Commissioner.   *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

"The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision."   *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).   The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence.   *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote*, 67 F.3d at 1560 (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).   The Commissioner's findings of fact are conclusive if supported by substantial evidence.   42 U.S.C. § 405(g).

Accordingly, where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a

contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).

### IV.   Discussion

#### a.   *Whether substantial evidence supports the ALJ's RFC finding*

Plaintiff first argues that the ALJ's RFC finding is not supported by substantial evidence because the record contains evidence from four physicians opining that Plaintiff is disabled.   Doc. 19 at 16.   Plaintiff asserts that the ALJ rejected those opinions and instead relied on his own lay evaluation of the evidence. *Id.*   The Commissioner counters that the ALJ considered the medical and other evidence of record and assessed Plaintiff's RFC using the sequential evaluation process defined in the regulations.   Doc. 20 at 8.   The Court agrees with the Commissioner.

When an impairment does not meet or equal a listed impairment at step three, as in this case, the ALJ will proceed to step four to assess and make a finding regarding the claimant's RFC based upon all the relevant medical and other evidence in the record.   20 C.F.R. § 404.1520(e).   Here, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1."   Tr. 15.   The ALJ then proceeded to assess and make a finding regarding the claimant's RFC.   The RFC is the most that a claimant can do despite

her limitations. *See* 20 C.F.R. § 404.1545(a)(1). The ALJ is required to assess a claimant's RFC based on all of the relevant evidence in the record, including any medical history, medical signs and laboratory findings, the effects of treatment, daily activities, lay evidence and medical source statements. *Id.* At the hearing level, the ALJ has the responsibility of assessing a claimant's RFC. *See* 20 C.F.R. § 404.1546(c). The determination of RFC is within the authority of the ALJ; and the claimant's age, education and work experience are considered in determining the claimant's RFC and the claimant's ability to return to past relevant work. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1520(f)). The RFC assessment is based upon all the relevant evidence of a claimant's remaining ability to do work despite impairments. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004); *Lewis*, 125 F.3d at 1440 (citing 20 C.F.R. § 404.1545(a)).

Under the regulations, the ALJ must weigh any medical opinion based on the treating relationship with the claimant, the length of the treatment relationship, the evidence the medical source presents to support his opinion, how consistent the opinion is with the record as a whole, the specialty of the medical source and other factors. *See* 20 C.F.R. § 404.1527(c)(2)-(6). Opinions of treating sources usually are given more weight because treating physicians are the most likely to be able to offer detailed opinions of the claimant's impairments as they progressed over time and "may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations . . . ." 20 C.F.R. § 404.1527(c)(2). If the opinion of a treating physician as to the nature and

severity of a claimant's impairment is supported by acceptable medical evidence and is not inconsistent with other substantial evidence of record, the treating physician's opinion is entitled to controlling weight. *Id.*

By contrast, if the ALJ does not afford controlling weight to a treating physician's opinion, he must clearly articulate the reasons for doing so. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). Although the regulations require that the ALJ consider all factors set forth in 20 C.F.R. § 404.1527(c), the ALJ is not required to expressly address each factor so long as he demonstrates good cause to reject the opinion. *Lawton v. Comm'r of Soc. Sec.*, 431 Fed. Appx. 830, 833 (11th Cir. 2011). "Good cause exists when the '(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.'" *Castle v. Colvin*, 557 Fed. Appx. 849, 854 (11th Cir. 2014) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004)); *Green v. Soc. Sec. Admin.*, 223 Fed. Appx. 915, 922 (11th Cir. 2007) ("Good cause to discount a treating physician may arise where a report 'is not accompanied by objective medical evidence or is wholly conclusory.'") (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (per curiam)). "The ALJ may also devaluate the opinion of a treating physician where the opinion is contradicted by objective medical evidence." *Green*, 223 Fed. Appx. at 922.

In his decision, the ALJ found that Plaintiff retained the ability to perform light work as defined in 20 C.F.R. § 404.1567(b), with specific limitations. Tr. 17.

In doing so, he noted that he considered the entire record, including Plaintiff's physical and mental limitations.   Tr. 17.   Contrary to Plaintiff's assertions, the ALJ properly considered and rejected portions of the opinions of Dr. Jose Cabrera, Dr. Eshan Kibria, Dr. George Adams and Dr. John Prater.   Tr. 18-22.   The ALJ properly considered the opinions of these doctors along with the record as a whole and either discounted the weight or rejected the opinions as being inconsistent with the record. *Id.*

### 1. *Dr. Jose Cabrera M.D.*

Plaintiff first alleges that the ALJ improperly rejected the opinions of Plaintiff's treating neurosurgeon, Dr. Jose Cabrera M.D., that Plaintiff's pain precluded her from sitting for an extended period of time and that her pain was disabling.   Doc. 19 at 19.   The ALJ gave little weight to the opinions of Dr. Cabrera because he found they were unsupported by objective evidence, which shows no abnormality, and treatment records from other physicians that indicate improvement of Plaintiff's pain.   Tr. 21-22.   Moreover, the ALJ found that the opinions were based primarily on Plaintiff's subjective complaints.   Tr. 22.

Plaintiff sought treatment from Dr. Cabrera for neck, left shoulder and arm pain from August 13, 2010 through February 24, 2011.   Tr. 243, 348-353.   An MRI was performed on August 12, 2010, which revealed that Plaintiff had a herniated disk at C6-C7.   Tr. 244.   Dr. Cabrera performed a discectomy and fusion at C6-C7 on August 15, 2010.   Tr. 250-54.   Dr. Cabrera had a follow-up visit with Plaintiff on February 24, 2011 and found that her extremity pain had improved but she still

complained of neck pain.   Tr. 348.   Dr. Cabrera found: "[Plaintiff] appears to be disabled on account that her pain, *according to her*, is significant and prevents her from doing any kind of sitting for a long time or any other kind of work she used to do before."   *Id.* (emphasis added).   He noted that on February 3, 2011 she had a CT scan of the cervical spine, which was consistent with an anterior cervical fusion at C6-C7 and showed satisfactory alignment.   Tr. 277, 348.   Dr. Cabrera also noted that the x-rays provided by Dr. Moyer, a neurosurgeon, revealed no abnormalities that would require further surgery and suggested that Plaintiff return to Dr. Cabrera with the CT scan.   Tr. 348.

When Dr. Cabrera's findings are compared with the other evidence of record, the ALJ properly found his opinions to be inconsistent with the other evidence or based largely on Plaintiff's subjective complaints.   An ALJ properly discounts a medical opinion when the opinion is conclusory or is largely based upon Plaintiff's subjective complaints.   *Crawford*, 363 F.3d at 1159-60.   Here, Dr. Cabrera explicitly stated that "according to [Plaintiff]" she can no longer work due to her pain.   Tr. 348. He provided no objective evidence, however, to support this finding.   Moreover, Dr. Cabrera's statement that Plaintiff "appears to be" disabled because of her pain is not only conclusory but is a finding reserved for the Commissioner.   20 C.F.R. § 404.1527(d).   The regulations provide that opinions that a claimant is disabled are not medical opinions but are, instead, "opinions on issued reserved to the Commissioner because they are administrative findings."   *Id.*   "We will not give any significance to the source of an opinion on issues reserved to the Commissioner…."

20 CFR § 404.1527(d)(3).   Accordingly, the ALJ properly discounted the opinions of Dr. Cabrera.

### 2. Dr. Eshan Kibria

Plaintiff next alleges that the ALJ improperly rejected the portion of the findings of the consultative examination of her treating neurologist, Dr. Eshan Kibria, regarding how long Plaintiff can sit, stand and walk in an 8-hour day.   Doc. 19 at 19; Tr. 22.   Specifically, the ALJ rejected Dr. Kibria's opinions in the Medical Source Statement finding that Plaintiff could only sit, stand and walk for one hour at a time without interruption, stand and walk for a total of one hour per day, and sit for a total of two hours per day.   Tr. 22, 551.

Dr. Kibria performed the physical examination of Plaintiff on December 20, 2012.   Tr. 545.   During the examination, Dr. Kibria noted that there was no evidence of weakness, pronation or drift in any muscle group.   Tr. 546.   Plaintiff's graded motor strength in all four extremities was 5/5 including hand grips.   *Id.*   Dr. Kibria noted that Plaintiff appeared comfortable sitting.   Tr. 545.   Dr. Kibria's examination also revealed that Plaintiff had a normal sensory examination.   Tr. 546. He further reported that Plaintiff's gross and fine finger dexterity was normal, and Plaintiff could hold a cup and pen/pencil, button and unbutton and open doors with both hands.   *Id.*   Plaintiff had a normal station and gait.   *Id.*   Dr. Kibria noted in the Medical Source Statement that Plaintiff could occasionally lift up to twenty pounds and carry up to ten pounds; occasionally reach overhead with both hands; frequently reach, handle, finger, and feel with both hands; occasionally push or pull

and operate foot controls; occasionally perform all postural activities except climbing ladders and scaffolding.   Tr. 550-54.   These findings are largely consistent with the other evidence of record including the findings by Dr. Robert Mehrberg, Plaintiff's pain management doctor.   Tr. 312-20.

The ALJ noted that Plaintiff underwent pain management services with Dr. Mehrberg from January 11, 2011 through February 23, 2011 along with physical therapy recommended by Dr. Mehrberg from March 7, 2011 through May 3, 2011. Tr. 19, 312-20, 327-28, 418.   Dr. Mehrberg noted Plaintiff continued to suffer from residual neck pain but her range of motion improved with treatment.   Tr. 312-20, 418.   Moreover, Dr. Mehrberg performed a physical examination of Plaintiff and found that Plaintiff was negative for joint and muscle pain as well as numbness and tingling.   Tr. 312-14.   Dr. Mehrberg also found that Plaintiff had normal muscle strength and tone, and her muscle strength was a 5/5 in the major muscle groups. Tr. 312-14, 379-83.   Dr. Mehrberg prescribed Nucynta for pain, but the ALJ noted that Plaintiff never filled the prescription indicating that her pain was not as limiting as alleged.   Tr. 380, 19.

To the extent Dr. Kibria's assessment of Plaintiff was consistent with the other record evidence, the ALJ adopted the opinion.   Tr. 22.   The ALJ, however, found that the objective medical evidence and physical examinations did not support Dr. Kibria's opinion in its entirety.   *Id.*   Accordingly, the ALJ rejected part of the opinion.   *Id.*   Dr. Kibria noted in the Medical Source Statement that Plaintiff could sit, stand and walk for one hour at a time without interruption, stand and walk for a

total of one hour per day, and sit for a total of two hours per day, but these findings appear to be based more on Plaintiff's comment that she lays on the couch for 4 hours per day.   Tr.   551.   Because a portion of Dr. Kibria's opinions are conclusory, the ALJ properly discounted that portion of Dr. Kibria's opinion.

### 3. Dr. George Adams

Plaintiff next alleges that the ALJ erred in rejecting Dr. George Adams' clinical findings and opinion that Plaintiff is disabled.   Doc. 19 at 19; Tr. 22.   Dr. Adams, a consultative internist, examined Plaintiff on May 1, 2011.   Tr. 571-75.   During the examination, Plaintiff complained of upper neck and back pain.   Tr. 571.   On examination, Dr. Adams found that Plaintiff had decreased grip and muscle strength, reduced range of motion in her neck and shoulders, and a slight loss of lumbar motion. Tr. 574.   Dr. Adams also found, among other things, that Plaintiff's maximum ability to stand was less than two hours during an eight hour day and that Plaintiff would likely be absent from work more than three times per month due to her impairments. Tr. 576-77.   Dr. Adams opined that in his opinion Plaintiff was disabled.   Tr. 575.

As previously noted, it is not an error for an ALJ to reject Dr. Adams' opinion to the extent the opinion was inconsistent with the other record evidence. *Crawford*, 363 F.3d at 1159.   Dr. Adams' opinion was inconsistent with opinions of Dr. Kibria, Dr. Mehrberg and Dr. Adam Heller when Dr. Adams opined that Plaintiff had decreased grip and muscle strength.   Tr. 574.   Dr. Mehrberg performed examinations one month before and only three days after Dr. Adams' May 1, 2011 examination and found that Plaintiff had 5/5 muscle strength in all of the major

muscle groups.   Tr. 383, 441.   Dr. Kibria performed her examination of Plaintiff in December 2012 and also found that Plaintiff had 5/5 muscle strength.   Tr. 546.   Dr. Heller found that Plaintiff's muscle strength was a 5/5 during his examinations conducted throughout 2012.   Tr. 480-81, 487, 498, 505-06, 512.

Moreover, Dr. Adams' finding that Plaintiff is disabled is not entitled to any special weight.   20 CFR § 404.1527(d).   While the ALJ must consider and evaluate Dr. Adams' findings, the opinion of whether someone is disabled is reserved for the Commissioner because it is an administrative finding that is dispositive of a case. *Id.*   "Giving controlling weight to such opinions would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility."   SSR 96-5p.   Here, the ALJ considered the opinions Dr. Adams and properly gave it little weight as it was not consistent with the other record evidence and a finding of disability is reserved for the Commissioner.

### 4.  Dr. John Prater

Plaintiff also alleges that the ALJ improperly rejected Dr. John Prater's opinions regarding Plaintiff's physical and mental limitations.   Doc. 19 at 20.   Dr. Prater is a psychiatrist who began treating Plaintiff beginning in 2012.   Tr. 565.   Dr. Prater suggested that Plaintiff could have a permanent disability due to her depression, chronic pain, hypothyroid disease and vitiligo.   *Id.*   The ALJ discounted this opinion regarding Plaintiff's physical limitations because it was outside the scope

of Dr. Prater's expertise, and Dr. Prater never performed a physical examination of Plaintiff.   Tr. 22.   Moreover, the ALJ found that Dr. Prater's opinions regarding Plaintiff's mental impairments were not consistent with the other record evidence. *Id.*   The Court agrees.

When determining how to accord weight a physician's opinion, the physician's specialty is one of the factors the ALJ considers.   20 C.F.R. § 404.1527(c)(5).   Here, Dr. Prater specialized in psychiatry and never performed a physical examination of Plaintiff.   Therefore, the ALJ properly reduced the weight given to Dr. Prater's opinions regarding Plaintiff's physical impairments.   Moreover, during Dr. Prater's psychiatric evaluations, he found that Plaintiff presented no acute distress, her outlook tended to be generally upbeat, there was no cognitive impairment and no gross impairments in judgment.   Tr. 518-20.   Thus, his opinion suggesting that Plaintiff has a permanent disability is inconsistent with his treatment records. Therefore, the ALJ properly discounted Dr. Prater's opinion regarding Plaintiff's physical and mental disabilities.   Moreover, as noted, a finding of disability is an issued reserved for the Commissioner.   20 C.F.R. § 404.1527(d).

Upon review of the record, with respect to Plaintiff's impairments, the ALJ properly assessed Plaintiff's RFC based upon Plaintiff's medical history, daily activities, lay evidence and medical source statements consistent with the requirements of 20 C.F.R. § 404.1545(a).   The ALJ discussed the relevant evidence and found that despite her impairments, Plaintiff retained the ability to perform light work, with limitations.   *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004);

*Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1545(a)).

> b. *Whether the ALJ erred by not including Dr. Kelly's RFC limitations in his findings while assigning great weight to the opinions of Dr. Kelly*

Finally, Plaintiff argues that the ALJ improperly assigned great weight to Dr. Kelly's opinions while rejecting other portions of her opinions.   Doc. 19 at 22-23. Plaintiff states that the ALJ failed to include in the RFC Dr. Kelly's opinion that Plaintiff has marked limitation in her ability to deal with stress and a moderate limitation in maintaining attention and concentration.   Doc. 19 at 22.   The Commissioner responds that the ALJ accorded great but not controlling weight to Dr. Kelly's opinions.   Doc. 20 at 15.   The Commissioner also states that the regulations place the final responsibility for determining a Plaintiff's RFC with the ALJ, based upon all of the evidence in the record, not just the relevant medical evidence.   *Id.*

"An opinion on an applicant's RFC is not a medical opinion, but rather a decision reserved to the Commissioner, to be based on medical sources, and the physician's opinion in this respect is not entitled to deference."   *Shaw v. Astrue*, 392 F. App'x. 684, 681 (11th Cir. 2010) (citing 20 C.F.R. §§ 404.1527(e), 416.927(e). While the ALJ must consider a medical source statement along with the other record evidence, the determination regarding a Plaintiff's RFC is reserved for the Commissioner.   20 C.F.R. § 404.1527(d).

Dr. Kelly performed a psychological and intelligence evaluation on December 21, 2012.  Tr. 556-61.  Dr. Kelly found Plaintiff to be cooperative with a neutral

mood and anxious affect. Tr. 557. Dr. Kelly noted that Plaintiff's attention, concentration, and recent and remote memory skills appeared to be mildly impaired. Tr. 558. Dr. Kelly also stated that during the examination, Plaintiff was able to understand instructions and respond thoughtfully to presented tasks. *Id.* Dr. Kelly performed the Wechsler Adult Intelligence Scale test, and the results revealed that Plaintiff's full-scale IQ is 76, placing her in the borderline range and indicating significant intellectual defects. Tr. 558-59. Dr. Kelly opined in the medical source opinion section of her report that Plaintiff may have moderate difficulties maintaining attention and concentration and marked difficulties dealing with stress. Tr. 560.

Plaintiff alleges that the ALJ, without explanation, failed to include in the RFC limitations in handling stress and attention and concentration. Doc. 19 at 23. Plaintiff's argument is misplaced because the regulations require only that the ALJ *consider* the medical source opinion along with all of the other evidence. 20 C.F.R. § 404.1545(e); SSR 96-5p (emphasis added). "A medical source's statement about what an individual can still do is medical opinion evidence that an adjudicator must consider together with all of the other relevant evidence when assessing an individual's RFC." SSR 96-5p. An adjudicator may, but is not required to, adopt all of the opinions expressed in a medical source statement. *Id.*

Here, the ALJ properly considered Dr. Kelly's opinions included in the medical source statement section of her examination report, despite that the information related to Plaintiff's difficulty dealing with stress, attention and concentration was

not included on the Medical Source Statement of Ability to do Work-Related Activities Form. The ALJ considered this information when he found that Plaintiff has moderate difficulties in social functioning. Tr. 16. He noted that Plaintiff does not handle stress well. *Id.* The ALJ considered Dr. Kelly's opinions regarding Plaintiff's difficulties with attention and concentration when he found that Dr. Kelly's extreme findings in understanding, remembering, and carrying out instructions were not supported by the evidence of record. Tr. 22. While, the ALJ may not have specifically included in the RFC Dr. Kelly's findings regarding stress, attention and concentration, the Court finds that the ALJ properly considered the opinions in accordance with the regulations.

## V.     Conclusion

Upon review of the record, the undersigned concludes that the ALJ applied the proper legal standards, and his determination that Plaintiff is not disabled is supported by substantial evidence. Where, as here, the Commissioner's decision is supported by substantial evidence, the Court must affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the preponderance of the evidence is against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes*, 932 F.2d at 1358.

ACCORDINGLY, it is hereby

**ORDERED:**

1.      The decision of the Commissioner is **AFFIRMED**.

2.      The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) in favor of the Commissioner, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 24th day of September, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record